UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERYMAINE BEASLEY,

          Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

          Defendant.

No. C13-01106RSL

ORDER DENYING MOTION TO REMAND AND FOR COSTS AND ATTORNEY FEES

This matter comes before the Court on plaintiff's "Motion for Remand, and for Costs and Attorney Fees" (Dkt. # 11). Plaintiff requests a remand of the above-captioned case to state court alleging insufficient amount in controversy and untimely removal. For the reasons set forth below, the Court DENIES plaintiff's motion to remand.

**Background**

Plaintiff was injured in an automobile accident on December 10, 2001. Dkt. # 11 Ex. F. In July 2012, an arbitrator awarded plaintiff $72,500 against State Farm Mutual Automobile Insurance Company ("State Farm") after an arbitration hearing concerning plaintiff's damages claim arising from the automobile accident. Dkt. # 11 Ex. B. Plaintiff began a state court action by filing a motion in King County Superior Court, cause no. 12-2-27801-6KNT, to confirm the arbitration award one month later. Id. The state court confirmed the arbitration award, State Farm paid the award, and a satisfaction of judgment was filed. Dkt. # 11 Ex. G at 6; Beasley v. State Farm Mut. Auto. Ins. Co., No. 12-2-27801-6, KNT2012 WL 5588687 (Wash. Super. Ct. 2012).

ORDER DENYING REMAND

In April 2013, plaintiff filed a motion for summary judgment in King County Superior Court under the same cause number as the completed civil action for the arbitration award.  Dkt. # 11 Ex. F.  In its motion, plaintiff asked the court to find that State Farm violated the Washington Insurance Fair Conduct Act ("IFCA") because it offered him less than what he was awarded at arbitration.  Dkt. # 11 Ex. F.  The state court found that the motion for summary judgment was untimely and denied it without prejudice.  Dkt. # 11, Ex. H.  On June 6, 2013, plaintiff filed and served a complaint against State Farm alleging violations of the IFCA for the same claims made in his motion for summary judgment.  Dkt. # 11 Ex. I.  Twenty days later, on June 26, 2013, State Farm removed the case to the United States District Court for the Western District of Washington.  Dkt. # 11 Ex. A.

## Discussion

### I. Timeliness of Removal

Plaintiff asserts that remand is necessary because State Farm did not file its notice of removal within 30 days of being served with the motion for confirmation of arbitration award or the motion for summary judgment.  The starting point for analysis is the statute.  Under 28 U.S.C. § 1441(a), subject to certain limitations, a defendant may remove "any civil action brought in a state court" to the federal court for the district in which such civil "action is pending," provided the action could originally have been initiated in the federal forum.  28 U.S.C. § 1441(a).  The text of Section 1441(a) establishes that a defendant's right to remove a civil action from a state to a federal forum depends upon the existence of a pending state proceeding.  Until a state action is initiated, there is nothing to be removed.  State law and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court.  Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir. 2005)(citing Herb v. Pitcairn, 324 U.S. 117, 120 (1945)("Whether any case is pending in the Illinois courts is a question to be determined by Illinois law")).  A civil action in a Washington court begins "by service of summons, or by the filing of a complaint, or as otherwise provided, the court is deemed to have

ORDER DENYING REMAND
-2-

acquired jurisdiction and to have control of all subsequent proceedings." RCW 4.28.020.

Plaintiff argues that his motion to confirm arbitration award in August 2012 began the civil action under RCW 4.28.020 because it is "otherwise provided" for under RCW 7.04A.220. RCW 7.04A.220 provides that a party may make a motion to confirm an award after receipt of notice of arbitration award. Accordingly, King County Superior Court acquired jurisdiction over plaintiff's motion to confirm the arbitration award under RCW 4.28.020 when plaintiff filed his motion to confirm the arbitration award. When State Farm paid the award and the satisfaction of judgment was filed, the civil action regarding the arbitration award concluded.

No civil action for plaintiff's IFCA claim existed at the time plaintiff filed his motion to confirm arbitration award. Plaintiff argues that once the state court acquired jurisdiction over his motion to confirm the arbitration award, the court continued to have control over plaintiff's unfiled IFCA claim. This is not the case. Plaintiff did not bring an IFCA claim against State Farm at the time he brought his motion to confirm arbitration award. See Dkt. # 11 Ex. C, I. Plaintiff's case seeking confirmation of the arbitration award is a separate civil action than his case alleging violations of IFCA. Id. The civil action for plaintiff's IFCA claim began when plaintiff filed his complaint on June 6, 2013. Id. State Farm properly filed its notice of removal within 30 days of the filing of the complaint under IFCA. Dkt. # 11 Ex. A.

Plaintiff also argues that his April 2013 motion for summary judgment should start the 30 day removal clock, as it provided notice to State Farm of his claim, from which State Farm could determine removability. Because plaintiff had not filed a complaint or served a summons on State Farm at the time he moved for summary judgment on his IFCA claims, see Dkt. # 11 Ex. F, I, no civil action had begun in state court under RCW 4.28.020. Again, until a civil action begins, there is nothing to be removed. Plaintiff's motion for summary judgment was premature as no complaint had been filed. The Court finds that plaintiff's motion for summary judgment was not an "initial pleading" under 28 U.S.C. § 1446(b) as no civil action existed. Accordingly, the 30 day period for removal began when plaintiff filed his complaint in

ORDER DENYING REMAND

June 6, 2013. Dkt. # 11 Ex. I.  The Court finds that State Farm timely removed the case on June 26, 2013.  Dkt. # 11 Ex. A.

**II. Amount in Controversy**

Plaintiff also argues that State Farm did not prove that the statutory amount in controversy was met at the time of removal, and so the Court does not have subject matter jurisdiction over the claim.  Where it is ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, courts apply a preponderance of the evidence standard.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996)("[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds[the jurisdictional amount].")).  State Farm stated in its notice of removal that it has a good faith basis on which to believe that plaintiff seeks $72,500 in damages, prejudgment interest on $72,500, a trebling of $72,500 and the interest amount.  Dkt. # 15.  Under the IFCA statute, a court has discretion to increase the prevailing party's actual damages up to three times the amount of actual damages.  RCW 48.30.015(2).  The Ninth Circuit has held that where an underlying statute authorizes treble damages, that amount may be included for the purpose of determining the amount in controversy.  See Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1046 (9th Cir.2000) (treble damages authorized by state statute could have been taken into account when determining the amount in controversy).  The Court finds that State Farm has met its burden of showing that the amount in controversy exceeds the jurisdictional minimum of $75,000.

**III. Attorney's Fees and Costs**

Plaintiff requests attorney's fees and costs under 28 U.S.C. § 1447(c) for having to file the motion to remand.  The Court finds that State Farm timely filed its Notice of Removal, and that each party should bear its own costs in this matter.

**IV. Sanctions**

State Farm asks the Court to impose sanctions on plaintiff for filing papers that are frivolous or lacking in factual or legal support. Dkt. # 15. Fed. R. Civ. P. 11(c)(2) provides that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." State Farm did not make a separate motion for the Court to impose sanctions, and the Court finds that sanctions are not warranted at this time.[1]

### Conclusion

For all the foregoing reasons, the Court DENIES the motion to remand (Dkt.# 11) and DENIES plaintiff's request for costs and attorney's fees.

DATED this 22nd day of November, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Although the Court is not imposing sanctions at this time, the Court is nonetheless concerned about the questionable legal grounds of plaintiff's counsel's arguments. The Court reminds plaintiff's counsel that all legal contentions must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

ORDER DENYING REMAND
-5-