UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERYMAINE BEASLEY,

    Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

Case No. C13-1106RSL

ORDER DENYING MOTIONS TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery" (Dkt. # 26) and "Plaintiff's Second Motion to Compel Discovery" (Dkt. # 34). Plaintiff's complaint in the above-captioned matter alleges that Defendant acted in bad faith in resolving Plaintiff's claim for uninsured ("UIM") motorist benefits after he was injured in a car accident in 2001. Dkt. # 1-1. Plaintiff asserts claims of violation of the Insurance Fair Conduct Act, breach of the duty of good faith, breach of fiduciary duty, violation of the Consumer Protection Act, negligence, and breach of contract. Id. ¶¶ 3.1-3.6.

In his first motion to compel, Plaintiff seeks an order compelling Defendant to produce his full, unredacted UIM claim file, Defendant's personal injury protection ("PIP") and UIM claim handling manuals, and Defendant's UIM investigation and claim

ORDER DENYING MOTIONS TO COMPEL - 1

handling training materials. Dkt. # 26 at 4-5.[1]  Defendant has produced the complete UIM file, with privileged material redacted, and a detailed privilege log. Dkt. # 29-5 at 4; Dkt. # 29-6.  Defendant asserted objections to Plaintiff's requests for its PIP claim handling manual, UIM claim handling manual, and UIM training materials based on relevance, overbreadth, vagueness, and the confidential and proprietary nature of the documents sought. Dkt. # 29-5 at 5-7. However, Defendant later identified and produced seven sections of its Auto Claim Manual. Id. at 6; Dkt. # 29-7 at 4.

In his second motion to compel, Plaintiff asks the Court to direct Defendant to respond to discovery requests regarding Defendant's advertising efforts, the facts supporting Defendant's denials in its answer to Plaintiff's complaint, the facts supporting Defendant's alleged affirmative defenses, the facts supporting Defendant's responses to Plaintiff's requests for admission, and Defendant's reserve for Plaintiff's UIM claim. Dkt. # 34 at 4-5.[2]  Plaintiff also seeks an order deeming certain facts admitted, or compelling Defendant to produce complete responses to certain requests for admission. Id. at 5.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## II.  DISCUSSION

**A.    Plaintiff's First Motion to Compel**

The meet and confer requirements of Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") and Local Civil Rule 37(a)(1) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and

---

[1] In his reply, Plaintiff withdraws his motion to compel the production of his unredacted PIP claim file. Dkt. # 33 at 1.

[2] After Plaintiff filed his second motion to compel, Defendant provided signed verification pages for its discovery responses. Dkt. # 39 at 6. Plaintiff therefore has withdrawn his motion to compel with respect to these documents. Id.

ORDER DENYING MOTIONS TO COMPEL - 2

expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court.  In the circumstances presented here, compliance with the Rules would have involved face-to-face or telephonic communications regarding the particular deficiencies Plaintiff perceived in Defendant's production, and a full discussion of the parties' positions regarding particular documents.  A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible.  At the time Plaintiff stopped communicating with Defendant and filed this motion, Plaintiff's objections to Defendant's redactions remained all too general, as is clear from Defendant's response to Plaintiff's motion.  Dkt. # 27 at 6 ("Because plaintiff has not specified which redactions are at issue, State Farm addresses, generally, the issues of attorney-client privilege and work product").

Furthermore, the record does not suggest that the parties reached impasse. Plaintiff submitted one letter, memorializing a single conversation between Plaintiff's counsel and Defendant's counsel.  Dkt. # 26-2.  This letter indicates that the parties were still attempting to resolve their disputes and there is reason to believe that a good faith effort would have resulted in the production of documents Plaintiff seeks pursuant to a properly worded protective order, as well as Defendant's confirmation that it did not redact facts in its production of the UIM claim file.  Dkt. # 26-2 at 63 ("You did agree to verify whether any facts or alleged facts have been redacted from your document production, as I have requested, and to respond and supplement in 7-10 days."); Dkt. # 30 at 1-2 ("If the [UIM] file contained communications between UIM defense counsel and State Farm wherein counsel transmitted facts to State Farm that State Farm needed as part of its claim investigation, those communications were produced.").

Despite Plaintiff's counsel's assertion that Plaintiff satisfied Rule 37(a)(1)'s meet and confer requirement, dkt. # 26 at 5, the limited record in this case reflects just a

ORDER DENYING MOTIONS TO COMPEL - 3

single conversation between the parties, during which Defendant agreed to respond to Defendant's general concerns, dkt. # 26-2 at 63-65.  There is no indication that Plaintiff notified Defendant of any particular concerns related to the documents identified in the privilege log or explained his position with respect to other documents he contends Defendant has failed to produce.  Plaintiff's motion to compel (Dkt. # 26) is therefore DENIED for failure to comply with Rule 37(a)(1) and LCR 37(a)(1).

**B.     Plaintiff's Second Motion to Compel**

Plaintiff's second motion to compel fails for the same reason.  Despite Plaintiff's assertions to the contrary, dkt. # 34 at 4, 5, the Court finds that Plaintiff did not make a good faith effort to confer with Defendant regarding Defendant's discovery responses before filing his second motion to compel discovery responses.  The record indicates that Defendant supplemented several of its responses and that the parties were still working to resolve their disputes when Plaintiff filed his second motion to compel.  See Dkt. # 34-2 at 81-83.  The letters submitted by Plaintiff do not suggest that the parties engaged in a meaningful conversation about their respective positions or reached impasse, as Defendant indicated that it would supplement and reconsider certain responses.  Id.  Because no meaningful discussion regarding Plaintiff's perceived deficiencies ever took place, in several cases Defendant and the Court are left to guess what Plaintiff's concerns are.[3]  The Court is unwilling to issue a blanket order compelling discovery under these circumstances.

**C.     Plaintiff's Rule 36(a)(6) Motion**

Plaintiff asserts that Defendant's responses to fourteen requests for admission do not comply with Rule 36's requirements.  Dkt. # 34 at 10.  Rule 36 allows a party to

---

[3] Moreover, Plaintiff's single attempt to meet and confer regarding Defendant's responses to Plaintiff's third set of discovery requests does not comply with the spirit and purpose of Rule 37(a).  Defendant's failure to propose a specific time to confer after missing a conference unilaterally scheduled by Plaintiff does not imply that Defendant refused to meet and confer or that conversation at a mutually agreeable time would not be productive.

ORDER DENYING MOTIONS TO COMPEL - 4

serve a written request seeking to have another party admit the truth of any matters relevant to the parties' claims and defenses, including the truth of "facts, the application of law to fact, or opinions about either . . . and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).  "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."  Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981).  The responding party may answer by admitting the truth of the facts asserted, specifically denying the truth of the statements, or explaining in detail why the party can neither admit nor deny the truth of the statements.  Fed. R. Civ. P. 36(a)(4).  If the requesting party is not satisfied with the responding party's answer or objection, it may move for a determination of the sufficiency of the response.  Id. 36(a)(6)

As is the case with Plaintiff's motions to compel responses to interrogatories and requests for production, his Rule 36(a)(6) request is DENIED for failure to meet and confer. "Like other motions to compel, [a motion to determine the sufficiency of answers] is also subject to the requirements that the moving party attempt first to confer with the other side to avoid the need for a hearing."  8B C. Wright & A. Miller, Federal Practice and Procedure § 2263 (3d ed. 2012).  While Defendant's answers to Plaintiff's requests for admission regarding the contents of documents appear to be insufficient, there is no suggestion that the parties reached impasse before Plaintiff filed his motion. Rather, the record indicates that Defendant informed Plaintiff that it would reconsider its responses to the requests.  Dkt. # 34-2 at 83.  There is nothing that suggests that Defendant refused to supplement these responses or cut-off communication before Plaintiff unilaterally ended the conversation by filing his motion.  Therefore, the Court declines to determine the sufficiency of Defendant's answers and objections.

ORDER DENYING MOTIONS TO COMPEL - 5

### III.  CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to compel (Dkt. # 26) and Plaintiff's second motion to compel (Dkt. # 34) are DENIED without prejudice. Plaintiff's motion to strike the affidavit of Don G. Lusk (Dkt. # 33) is DENIED as moot.

DATED this 25th day of March, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTIONS TO COMPEL - 6