1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERYMAINE BEASLEY,

                              Plaintiff,

          v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                              Defendant.

Case No.  C13-1106RSL

ORDER REGARDING CROSS-
MOTIONS FOR SUMMARY
JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on "Defendant State Farm's Motion for
Summary Judgment on Causation, and on Fiduciary Duty, Contract and IFCA Claims,"
dkt. # 35, and "Plaintiff's Motion for Partial Summary Judgment," dkt. # 40.  Having
reviewed the memoranda, declarations, and exhibits submitted by parties, the Court
finds as follows:

## II.  DISCUSSION

**A.     Background Facts**

This matter arises out of a car accident that occurred more than twelve years ago.
At the time of the accident Plaintiff was driving his girlfriend's car, which was insured
by Defendant State Farm Automobile Insurance Company ("Defendant" or "State
Farm").  Dkt. # 28 ¶ 2; Dkt. # 36 at 6.  The policy contained personal injury protection

("PIP") up to $35,000 per person and underinsured motorist ("UIM")[1] coverage up to $100,000 per person.  Dkt. # 36 at 6, 9.

On December 10, 2001, Plaintiff made a left turn during a yellow light and was struck by an oncoming car driven by an uninsured motorist.  Dkt. # 45-1 at 29.  Plaintiff and his girlfriend, who was five months pregnant at the time, suffered serious injuries, which resulted in the loss of Plaintiff's unborn child.  See id. at 30; Dkt. # 45-1 at 37. State Farm hired an attorney to represent Plaintiff against the claims filed by his passengers and the passengers and driver of the other vehicle.  Dkt. # 28 ¶ 4; Dkt. # 29 ¶ 3.  In early 2002, Plaintiff submitted a claim for PIP benefits and executed a release for medical and employment records.  Dkt. # 45-1 at 37, 41.  However, Plaintiff revoked this release less than one month later.  Dkt. # 40 at 68.  Plaintiff did not submit a formal claim for UIM benefits.  Instead, Plaintiff's lawyer sent State Farm a letter that referenced a UIM claim generally.  Id.  In July 2002, State Farm determined that Plaintiff was entitled to PIP benefits and UIM benefits for 50% of damages because it found that both drivers were equally at fault for the accident.  Id. at 70.  Plaintiff received PIP benefits totaling $15,301.33.  Dkt. # 14 ¶¶ 2.26, 2.28.

The parties resumed communication in 2005 when they began discussing arbitration of Plaintiff's UIM claim.[2]  Dkt. # 40 at 86.  In April of that year, Defendant served Plaintiff with discovery requests for the arbitration.  Id. at 91-134.  Defendant also requested a statement of damages from Plaintiff.  Id. at 88-90.  Several months

---

[1]  Although Plaintiff refers to his claim for "uninsured motorist ("UM")" benefits, dkt. # 44 at 2, the policy provision at issue provides coverage for bodily injuries sustained as a result of an accident involving an "underinsured motor vehicle," dkt. # 36 at 29.  The Court therefore refers to these benefits as underinsured motorist benefits ("UIM benefits").

[2]  It is unclear who demanded arbitration and how the request was made.  Defendant claims that Plaintiff demanded arbitration in 2005, dkt. # 35 at 3, while Plaintiff contends that Defendant initiated arbitration by sending him discovery requests and other notices on pleading paper with the heading, "In Arbitration," dkt. # 44 at 5.

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 2

later, Plaintiff sent Defendant his complete PIP file, which included a few medical

records.  Id. at 71, 74.  Despite repeated reminders from Defendant, Plaintiff did not

provide responses to Defendant's discovery requests until March 25, 2008, nearly three

years after Defendant served them.  Dkt. # 28-2 at 5-12; Dkt. # 40 at 79.  The parties

exchanged limited communications for the following three years, but did not make any

significant progress until March 2011, when Plaintiff executed a release for his medical,

employment and tax records.  Dkt. # 40 at 83.  After Plaintiff's deposition in the fall of

2011, State Farm determined that two independent medical examinations ("IMEs") were

necessary and arbitration was scheduled for July 5-6, 2012.  Dkt. # 28 at 3.

In March 2012, Plaintiff sent Defendant a letter demanding payment of the UIM

policy limits and providing the requisite 20-day notice of his intent to file an action

under the Washington Insurance Fair Conduct Act ("IFCA").  Dkt. # 36 at 72-78.  In his

letter, Plaintiff claimed that he suffered damages of more than $500,000, including past

and future medical expenses, loss of past and future income, and noneconomic damages.

Id. at 73-74.  On June 29, 2012, Defendant offered to settle Plaintiff's claim for $25,000.

Id. at 82.  No explanation of how this number was generated was provided to Plaintiff.

Plaintiff made a counter-offer to settle his claims, including any IFCA claims, for

$97,000.  Id. at 80.  No additional negotiations took place and the parties proceeded to

arbitration on July 5, 2012.

The arbitrator found both drivers to be at fault and awarded Plaintiff $72,500 in

total damages.  Dkt. # 28-7 at 3, 5.  The award was confirmed in a state court action

filed by Plaintiff in September 2012, dkt. # 42 at 21-22, and State Farm paid the award,

costs, and interest, dkt. # 28-8 at 2; dkt. # 28-9 at 2.

Plaintiff then filed this action in state court asserting claims of breach of contract,

bad faith, breach of fiduciary duty, negligence, and violations of the Washington

Consumer Protection Act ("CPA") and IFCA.  Dkt. # 1 at 18-19.  The action was removed to this Court in June 2013 and both parties have moved for summary judgment. Defendant seeks summary dismissal of all of Plaintiff's claims.  Through his motion for partial summary judgment, Plaintiff seeks summary determinations that (a) State Farm violated WAC 284-30-330(7) and other regulations, (b) State Farm unreasonably denied payment of UIM benefits, (c) State Farm violated IFCA, (d) State Farm breached the insurance contract, and (e) Plaintiff suffered actual damages for purposes of IFCA in the amount of $72,500.

**B.    Summary Judgment Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor."  Id.

1

## C.      Motions to Strike

As a Preliminary matter, Plaintiff seeks to strike Defendant's arguments that (1) Plaintiff breached the policy and failed to cooperate pursuant to WAC 284-30-370 and (2) Plaintiff's claims are barred by the statute of limitations because Defendant did not plead these affirmative defenses in its answer to Plaintiff's complaint.  Dkt. # 44 at 15-16; Dkt. # 51 at 1-3.  Similarly, Plaintiff asks the Court to strike Defendant's argument regarding the sufficiency of Plaintiff's IFCA notice because Defendant expressly withdrew this defense during discovery.  Dkt. # 44 at 19.

As a general rule, failure to plead an affirmative defense in a responsive pleading constitutes waiver of that affirmative defense.  In re Redbox, Inc., 488 F.3d 836, 841 (9th Cir. 2007).  The Ninth Circuit, however, has " 'liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings.' "  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting Magana v. Commonwealth of N. Mariana Islands, 107 F.3d 1436, 1446 (9th Cir. 19997)).  A defendant may raise an affirmative defense at summary judgment so long as "the delay does not prejudice the plaintiff."  Magana, 107 F.3d at 1446; see also Camarill v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993) ("In the absence of a showing of prejudice, however, an affirmative defense may be raised for the first time at summary judgment.").  Plaintiff has not shown prejudice with respect to Defendant's arguments based on failure to cooperate and the statute of limitations.  Indeed, Plaintiff may not demonstrate prejudice based solely on Defendant's late assertion of a statute of limitations defense "because the limitations rule, if applicable, would be effective at the outset of [Plaintiff's] suit."  Wyshak v. City Nat. Bank, 607 F.2d 824, 826 (9th Cir. 1979).  Thus, the Court deems Defendant's statute of limitations defense and its argument that Plaintiff failed to cooperate properly raised.

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 5

1    With respect to Defendant's argument that Plaintiff's IFCA notice was improper,

2    the Court finds that Defendant has not waived that defense. Although Plaintiff is correct

3    that Defendant withdrew this defense in response to Plaintiff's discovery requests, dkt. #

4    42 at 64, Plaintiff has not suggested that he has been prejudiced by the late renewal of

5    this defense. Because Defendant has supplemented its discovery responses pursuant to

6    Fed. R. Civ. P. 26(e) and Plaintiff has not demonstrated prejudice, Plaintiff's motions to

7    strike are DENIED.

**D.    Violation of WAC 284-30-330(1)**

8        The Washington insurance regulations identify particular claims settlement

9    practices that are unfair. Plaintiff argues that Defendant violated WAC 284-30-330(1)

10   by misrepresenting pertinent facts in its discovery responses during the arbitration of his

11   UIM claim in 2008. Dkt. # 44 at 11-12; Dkt. # 40 at 16-17. Specifically, Plaintiff

12   contends that Defendant "attempted to place all liability for the collision on Plaintiff by

13   representing he was cited by police for failing to yield to the uninsured motorist and he

14   may have been tried and convicted of the charge," even though Defendant knew that the

15   police officer dismissed the citation. Id. at 11 (internal quotation marks and citation

16   omitted). Defendant's discovery response, however, does not assert a fact, but merely

17   summarizes Defendant's then current belief that Plaintiff "may have been tried and

18   convicted of the charge." As the response itself explains, Defendant was "still looking

19   into that aspect of the matter." Dkt. # 45-4. Moreover, whether Plaintiff was cited or

20   tried and convicted of failure to yield was not a pertinent fact in the arbitration. From

21   the inception of Plaintiff's claim, Defendant consistently represented its determination

22   that Plaintiff was 50% at fault for the accident. Against this backdrop, Defendant's

23   statement that it was investigating the outcome of the citation was not a

24   misrepresentation of a pertinent fact in violation of WAC 284-30-330(1).

25

26   ORDER REGARDING CROSS-MOTIONS
     FOR SUMMARY JUDGMENT - 6

**E.      Violation of WAC 284-30-330(6)**

WAC 284-30-330(6) identifies "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" as an unfair and deceptive insurance practice.  Plaintiff contends that Defendant's "zero offer" over the course of more than ten years "assumed Plaintiff was not entitled to recover *anything* for the [UIM] damages." Dkt. # 44 at 12 (emphasis in original).  In addition, Plaintiff argues that Defendant's $25,000 offer to settle the claim one week before arbitration did not account for certain past and future medical expenses, lost earnings, and general damages resulting from the death of his unborn child. Id. at 13.

Although Plaintiff provided Defendant with the medical records from his PIP file in 2005, Defendant did not receive evidence of the full extent of his lost wages and injuries until 2011.  Based on these records and Plaintiff's deposition in 2011, Defendant determined, and the arbitrator agreed, that Plaintiff should undergo two IMEs, which were not completed until May 2012. Dkt. # 28-4 at 2; Dkt. # 41 at 43.  In light of the length of time it took Defendant to obtain Plaintiff's full medical records and the results of the IMEs, Defendant's delay in offering to settle Plaintiff's claim until June 2012 was not unreasonable.

Plaintiff's expert witness report does not create an issue of material fact regarding the reasonableness of Defendant's delayed offer.  Plaintiff's expert, Stephen Strzelec, opines that Defendant failed to comply with its internal policies requiring continual evaluations of a claim and prompt resolution. Dkt. # 42 at 66-67.  However, Mr. Strzlec's opinion fails to account for Plaintiff's revocation of his records release in January 2002, id. at 60, and Defendant's many attempts to obtain information from Plaintiff over the course of several years.  Although Defendant apportioned fault early in

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 7

1   the process, the undisputed evidence indicates that Defendant lacked the requisite

2   information to adequately value Plaintiff's claim until 2012.

3       Turning to Defendant's $25,000 offer, the Court finds that no violation of WAC

4   284-30-330(6) occurred.  At the time of this offer, Plaintiff argues, the medical

5   evaluations conclusively established that the accident caused a cervical strain and/or

6   facet injury, a strain to the right elbow and aggravation of a preexisting elbow injury, a

7   strain of the right wrist and injury to his right knee.  Dkt. # 40 at 7-8.  Plaintiff's

8   characterization of the IMEs, however, is not accurate.  Dr. Stanley Kopp's IME

9   concluded that the only injuries sustained by Defendant as a result of the accident were

10  his neck and elbow injuries.  Dkt. # 41 at 46.  Dr. Kopp determined that his knee and

11  wrist injuries were not caused by the accident.  Id. at 44-45.  When Defendant decided

12  to offer $25,000 to settle the claim, Defendant relied on Dr. Kopp's analysis and its

13  previous determination that Plaintiff was 50% at fault.  Dkt. # 42 at 67-68.  Based on the

14  evidence regarding Plaintiff's neck and elbow injuries, Defendant found the total value

15  of Plaintiff's claim to be $50,000-$60,000.  Dkt. # 42 at 67.  Thus, Defendant's internal

16  valuation of the claim was consistent with the amount offered and reasonably based on

    the information available at the time.

17      Again, Plaintiff's expert's opinion that Defendant failed to consider several

18  elements of Plaintiff's damages when it made the $25,000 offer does not create a

19  genuine issue of material fact.  With respect to Plaintiff's lost wages, Mr. Strzelec fails

20  to account for the payments Plaintiff previously received pursuant to the policy's PIP

21  coverage.  There is no indication that Mr. Strzelec was aware that Defendant had

22  previously paid the precise amount of lost wages he identified and that as part of the

23  settlement offer, Defendant promised not to seek reimbursement of that amount, which

24  it would otherwise be entitled to recover pursuant to Hamm v. State Farm Mut. Auto.

25  Ins. Co., 151 Wn.2d 303 (2004).  Dkt. # 36 at 80.  Therefore, contrary to Mr. Strzelec's

26  ORDER REGARDING CROSS-MOTIONS
    FOR SUMMARY JUDGMENT - 8

opinion, Defendant accounted for the known lost wages at the time of the settlement offer. <u>See</u> Dkt. # 42 at 67-68.   As for Plaintiff's future medical expenses, the undisputed evidence reflects that Defendant's offer contemplated the future medical expenses detailed in Dr. Kopp's report. Dkt. # 42 at 68.  Mr. Strzelec's opinion that Defendant failed to account for several known elements of Plaintiff's damages does not, therefore, create an issue of fact. <u>Rebel Oil Co., Inc. v. Atl. Richfield Co.</u>, 51 F.3d 1421, 1436 (9th Cir. 1995) (Expert opinion is insufficient to create an issue of material fact when the "opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable") (internal quotation marks and citation omitted).  The evidence submitted by Plaintiff directly contradicts his expert's opinion that Defendant's $25,000 offer failed to account for Plaintiff's known damages.  As a matter of law Defendant acted honestly based on adequate information.  Therefore, no violation of WAC 284-30-330(7) occurred.  <u>Werlinger v. Clarendon Nat. Ins. Co.</u>, 129 Wn. App. 804, 808 (2005) (An insurer does not act in bad faith when it "acts honestly, bases its decision on adequate information, and does not overemphasize its own interest.").

**F.     Violation of WAC 284-30-330(7)**

Plaintiff claims that Defendant committed an unfair and deceptive act when it compelled him to initiate or submit to arbitration by offering substantially less than the amount ultimately recovered in the arbitration.  WAC 284-30-330(7).  Washington courts have determined that there is an implied reasonableness requirement in WAC 284-30-330(7), and therefore, to succeed on this claim Plaintiff must show that Defendant had no reasonable justification for its conduct. <u>Am. Mfrs. Mut. Ins. Co. v. Osborn</u>, 104 Wn. App. 686, 699-700 (2001); <u>Keller v. Allstate Ins. Co.</u>, 81 Wn. App. 624, 633-34 (1996).  The difference between the amount of the offer and the final award

1  alone is insufficient to show that the insurer acted in bad faith or committed an unfair

2  and deceptive act.  Keller, 624 Wn. App. at 633.

3          Although it is somewhat unclear who initiated the arbitration proceedings, the

4  record is clear that discovery in the arbitration proceeding was well under way by the

5  time Plaintiff made his first demand for payment under the policy and Defendant made

6  its first offer to settle.  Until the time of Defendant's offer, Defendant was not in a

7  position to assess Plaintiff's damages and make a meaningful offer to settle.  Unlike

8  other cases, see e.g., Morella v. Safeco Ins. Co. of Ill., No. C12-0672RSL, 2013 WL

9  1562032, at * 3 (W.D. Wash. April 12, 2013), Defendant did not make a lowball offer to

10  try to persuade Defendant not to pursue arbitration.  On the contrary, Defendant

11  investigated Plaintiff's damages and only after it had obtained sufficient evidence to

12  properly evaluate Plaintiff's claim did it offer to settle.  At the time of the offer, the

13  parties were just days from arbitrating the claim.  As explained above, Defendant's offer

14  was based on the information it had available at the time and its determination that

15  Plaintiff was partially at fault.  Based on this record, the Court cannot find a material

16  issue of fact that supports the position that Defendant compelled Plaintiff to submit to

17  arbitration by offering to settle the claim for significantly less than the amount that

18  Plaintiff was awarded at arbitration.

**G.      Insurance Fair Conduct Act, RCW 48.30.015**

19          IFCA authorizes "first party claimant[s] to a policy of insurance who [are]

20  unreasonably denied a claim for coverage or payment of benefits by an insurer [to] bring

21  an action in superior court of this state to recover the actual damages sustained, together

22  with the costs of the action, including reasonable attorneys' fees and litigation costs."

23  RCW 48.30.015(1).  Plaintiff argues that Defendant violated multiple sections of WAC

24  284-30-330 and these violations constitute *per se* violations of IFCA.  As this Court has

25  held previously, the language of the statute does not support Plaintiff's argument.  E.g.,

26  ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 10

Morella, 2013 WL 1562032, at *3 n.2; Country Preferred Ins. Co. v. Hurless, No. C11-1349RSM, 2012 WL 2367073, at *3-4 (W.D. Wash. June 21, 2012); Cardenas v. Navigators Ins. Co., No. C11-5578RJB, 2011 WL 6300253, at * 6 (W.D. Wash. Dec. 16, 2011).  A violation of WAC 284-30-330 may justify the imposition of treble damages under RCW 48.30.015(2) and/or an award of fees and costs under RCW 48.30.015(3), but an underlying denial of coverage or payment is still required.

Plaintiff also contends, albeit briefly, that Defendant violated IFCA by denying payment of benefits.  Dkt. # 40 at 18-19; Dkt. # 44 at 10 n.5, 13-14.  However, the record does not support such a finding.  Rather, the evidence indicates that Defendant complied with the terms of the policy.  Defendant made several attempts over the course of several years to obtain information about Plaintiff's injuries, medical expenses, and wage loss.  Despite these attempts, Defendant did not receive authorized releases for records until March 2011.  Less than one month after the arbitrator determined Plaintiff's damages, Defendant paid the full amount of the award.  Where, as here, the delay in payment is due to a dispute over the amount owed, the delay alone does not constitute a denial of payment under IFCA.  Hurless, 2012 WL 2367073, at *4; see Hann v. Metro. Casualty Ins. Co., No. C12-5031RJB, 2012 WL 3090977, at * 2-4, 9 (W.D. Wash. June 29, 2012).  Defendant cannot be said to have denied payment in these circumstances, particularly in light of the fact that Defendant could not assess Plaintiff's damages until it received evidence of Plaintiff's injuries and wage loss in 2011 and 2012.  Morella, 2013 WL 1562032, at *3.  Because reasonable minds could not differ as to the reasonableness of Defendant's actions, summary judgment is appropriate.  Smith v. Safeco Ins. Co., 150 Wn.2d 478, 486 (2003).

**H.      Breach of Fiduciary Duty**

Plaintiff's claim for breach of fiduciary duty fails as a matter of law because no Washington court has recognized a claim for breach of fiduciary duty by an insured.

See Baker v. Phoenix Ins. Co., No. C12-1788JLR, 2014 WL 241882, at *3 (W.D.Wash. Jan. 22, 2014) (collecting cases).  The relationship between an insured and the insurer is not a true fiduciary relationship.  Safe Ins. Co. of Am. v. Butler, 118 Wn.2d 383, 389 (1992) ("something less than a true fiduciary relationship exists between the insurer and the insured").  Contrary to Plaintiff's contention, RCW 48.01.030 requires that an insurer and insured act in good faith and preserve the integrity of insurance.  It does not support Plaintiff's claim that a fiduciary relationship existed between him and Defendant.

## I.   Breach of Contract

Plaintiff claims that Defendant breached the terms of the insurance policy, but he has not identified any specific policy provisions allegedly breached by Defendant.  Dkt. # 1-1 at 12; Dkt. # 44 at 21.  Plaintiff's breach of contract claim appears to stem from Defendant's allegedly unreasonable denial of UIM benefits.  See Dkt. # 44 at 21. However, Plaintiff has not demonstrated that Defendant breached a particular duty imposed by the insurance contract or that the breach proximately caused him damage. See Baldwin v. Silver, 165 Wn. App. 463, 473 (2011) (reciting elements for breach of contract).  Defendant has put forth evidence that it provided UIM coverage and paid the full amount of benefits determined by the arbitrator.  Dkt. # 28-8 at 2; Dkt. # 28-9 at 2. Plaintiff has not identified a breach of contract by Defendant or provided admissible evidence that raises a genuine issue of material fact.

## J.   Negligence/Bad Faith[3]

An insurer owes a duty of good faith to its insured and violation of the duty may give rise to a tort action for bad faith.  Smith, 150 Wn.2d at 484.  Insurer bad faith

---

[3]  Although Plaintiff's complaint appears to allege separate causes of action for negligence and breach of the duty of good faith, dkt. # 1-1 at 11-12, these claims arise out of the same conduct, are not distinguishable, and are analyzed applying the same principles of any other tort.  Therefore, the Court considers them as a single cause of action.

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 12

claims are analyzed under the same principles as any other tort: duty, breach, damages and proximate cause. Mut. of Enumclaw Ins. Co. v. Dan Paulson Const., Inc., 161 Wn.2d 903, 916 (2007). The insured has the burden to show that the bad faith or negligence of the insurer proximately caused damages to the insured. "To establish bad faith, an insured is required to show that the insurer's actions were unreasonable, frivolous, or unfounded." Lloyd v. Allstate Ins. Co., 167 Wn. App. 490, 496 (2012). A claim of bad faith cannot succeed when the insurer "acts honestly, bases its decision on adequate information, and does not overemphasize its own interest." Werlinger, 129 Wn. App. at 808. Harm is an essential element of every bad faith claim. Id. Because bad faith is a question of fact, "[a]n insurer is entitled to a dismissal on summary judgment if, after viewing the facts in the insured's favor, a reasonable person could only conclude that its actions were reasonable." Id. In addition, an insurer may be entitled to summary judgment if a reasonable person could only conclude that the insured suffered no harm. Id.

Defendant seeks dismissal of Plaintiff's negligence/bad faith claim on the grounds that Plaintiff cannot establish the requisite harm and causation. Dkt. # 35 at 9-13. Plaintiff has not responded to this argument in the context of his negligence/bad faith claim, but he argues generally that Defendant's conduct caused him to suffer harm in the form of "withheld benefits, interest on those benefits, and so on." Dkt. # 44 at 18. The record, however, demonstrates that State Farm paid the full amount of the arbitration award and interest on that amount promptly after arbitration. Plaintiff has not established that he suffered any other economic damages resulting from Defendant's alleged bad faith. Even though Plaintiff may show harm by demonstrating emotional distress suffered as a result of the alleged bad faith conduct, Anderson v. State Farm Mut. Ins. Co., 101 Wn. App. 323, 333 (2000), Plaintiff has not shown the existence of such injury. There is no dispute that Plaintiff suffered emotionally from the accident

ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 13

1   and subsequent loss of his child.  However, Defendant did not cause the accident and

2   Plaintiff has not shown that he suffered additional harm as a result of Defendant's

3   actions.  Plaintiff has not established an essential element of his claim.  Defendant is

4   therefore entitled to summary dismissal of Plaintiff's negligence/bad faith claim.

5   Werlinger, 129 Wn. App. at 808.

6   **K.     Consumer Protection Act, RCW 19.86** *et seq.*[4]

7          The Washington Consumer Protection Act ("CPA") prohibits "[u]nfair methods

8   of competition and unfair or deceptive acts or practices in the conduct of any trade or

9   commerce."  RCW 19.86.020.  A private cause of action exists under the CPA if (1) the

10  conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public

11  interest, and (4) causes injury (5) to plaintiff's business or property.  Hangman Ridge

12  Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).  An insured

13  can establish the first and second elements of a CPA claim by showing the insurer acted

14  in bad faith or violated the standards set forth in WAC 284-30-330 through 284-30-410.

15  Anderson, 101 Wn. App. at 331.

16         Defendant contends that Plaintiff cannot establish the fourth element of a CPA

17  claim, causation and injury.  Dkt. # 35 at 9-13.  As explained above, Plaintiff's argument

18  that he suffered harm in the form of withheld benefits and interest on those benefits

19  lacks merit.  As was the case with Plaintiff's bad faith claim, his CPA claim cannot

20  survive summary judgment because he has failed to present any admissible evidence

21

22         [4] Plaintiff argues that Defendant did not move for dismissal of either his bad faith claim
    or his CPA claim in its motion for summary judgment.  Dkt. # 44 at 1 n.1.  However,
23  Defendant's motion clearly seeks dismissal of Plaintiff's entire complaint and argues that all of
    Plaintiff's claims fail for lack of causation.  Dkt. # 35 at 2, 9-13.  Although Defendant's
24  analysis of Plaintiff's CPA claim is brief, the motion does in fact seek dismissal of this claim
    due to lack of causation.  As for Plaintiff's bad faith claim, Plaintiff moved for dismissal of all
25  of Plaintiff's claims and the Court has already explained Plaintiff's bad faith claim and
    negligence claim are indistinguishable and analyzed using the same framework.

26  ORDER REGARDING CROSS-MOTIONS
    FOR SUMMARY JUDGMENT - 14

1   that Defendant's actions caused injury.  In the absence of evidence to support this

2   element of his claim, Plaintiff's CPA claim fails as a matter of law.

3                              **III.  CONCLUSION**

4        For all of the foregoing reasons, Defendant's motion for summary judgment (Dkt.

5   # 35) is GRANTED and Plaintiff's motion for partial summary judgment (Dkt. # 40) is

6   DENIED.[5]  Defendant's motion for relief from deadline and for leave to amend the

7   answer (Dkt. # 54) is DENIED as moot.  The Clerk of the Court is directed to enter

8   judgment in favor of Defendant and against Plaintiff.

9        DATED this 16th day of April, 2014.

10

11

12

13                                  _MNS Lasnik_

                                    Robert S. Lasnik
14                                  United States District Judge

15

16

17

18

19

20

21

22

23

24        [5]  Because the Court finds Defendant entitled to summary judgment on all of Plaintiff's
     claims, the Court has not considered Plaintiff's arguments regarding his IFCA damages or
25   Defendant's affirmative defenses.

26   ORDER REGARDING CROSS-MOTIONS
     FOR SUMMARY JUDGMENT - 15